IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DANIEL HUMBERTO BAZAN, #11020-078 §

VS. § CIVIL ACTION NO. 4:12cv362
  CRIMINAL ACTION NO. 4:03cr167(2)
UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Movant Daniel Humberto Bazan filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging constitutional violations concerning his Eastern District of Texas, Sherman Division conviction in Case No. 4:03cr167(2). The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On June 3, 2004, Movant was sentenced to 192 months' imprisonment after he pleaded guilty to conspiring to manufacture narcotics, in violation of 21 U.S.C. § 846. Movant appealed the judgment, which the Fifth Circuit Court of Appeals dismissed on December 21, 2004. He has filed a prior federal § 2255 motion - Cause No. 4:06cv493. It was denied and dismissed with prejudice because it was time-barred.

In the present motion, Movant asserts that he is entitled to relief because his sentence was improperly enhanced, his state court conviction was obtained in violation of his constitutional rights, and he has suffered collateral consequences as a result of the state conviction that was used to enhance his federal prison sentence. The Government was not ordered to file a Response.

Successive 2255 Motions

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).

1

Movant has previously filed a federal petition for habeas relief, which was denied.

Because Movant filed a previous motion under § 2255, which was denied because it was time-barred, this court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, the present motion should be dismissed for want of jurisdiction because Movant has not shown that he obtained permission from the Fifth Circuit to file a successive § 2255 motion. *Id*.

## Recommendation

It is accordingly recommended that the motion to vacate, set aside or correct the sentence should be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 24th day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE